IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| ) | |
| MISSOURI HIGHWAYS AND ) | |
| TRANSPORTATION COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, the United States of America, by authority of the Attorney General of the United States, at the request of the Administrator of the United States Environmental Protection Agency ("EPA") alleges as follows:

### I.    INTRODUCTION

1.    This is a civil action for injunctive relief and civil penalties brought pursuant to Section 309 of the Clean Water Act, 33 U.S.C. § 1319(b) and(d), against the Missouri Highways and Transportation Commission ("MHTC" or "Defendant") for violations of the conditions of National Pollution Discharge Elimination System ("NPDES") permit issued to it by the State of Missouri pursuant to Section 402 the Clean Water Act, 33 U.S.C. § 1342, for the discharge of pollutants at two highway construction and improvement projects in Missouri.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, pursuant to Section 309 of the CWA, 33 U.S.C. § 1319 and 28 U.S.C. §§ 1331, 1345, and 1355, and over the Parties.

3. Venue lies in this District pursuant 33 U.S.C. § 1319, and 28 U.S.C. §§ 1391 and 1395(a), because some of the violations alleged in the Complaint are alleged to have occurred in, and Defendant is a state agency headquartered in, this judicial district.

4. Notice of the commencement of this action has been given to the State of Missouri in accordance with 33 U.S.C. § 1319(b).

## III. DEFENDANT

5. The Defendant in this action is the Missouri Highways and Transportation Commission (MHTC), which is a bipartisan constitutionally created body, duly organized and existing under Article IV, § 29 of the Missouri Constitution and Chapters 226 and 227, RSMo, as amended. MHTC governs the Missouri Department of Transportation ("MoDOT") which is the state agency responsible for designing, constructing, operating and maintaining Missouri's transportation system including roadways and bridges throughout the state. The MHTC directs the activities of MoDOT, seeks funding for MoDOT projects and may sue and be sued in its own name with respect to activities conducted by MoDOT. § 226.100, RSMo. As used herein, "Defendant" includes MoDOT which operates under the legal authority and at the direction of the MHTC.

6. As a state agency, Defendant is a "person" as defined by Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5), and 40 C.F.R. § 122.2.

## IV. STATUTORY AND REGULATORY AUTHORITY

7. The Clean Water Act ("CWA" or "Act") is designed to restore and maintain the chemical, physical and biological integrity of the nation's waters. 33 U.S.C. § 1251(a).

8. To accomplish the objectives of the CWA, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of pollutants," defined as the addition of any "pollutant" from any "point source," by a "person" into "navigable waters" except with permit authorization and in compliance with effluent limitations.

9. Section 402 of the CWA, 33 U.S.C. § 1342, established a National Pollutant Discharge Elimination System ("NPDES") permit program under which EPA, or states authorized by EPA, issue permits specifying the conditions under which discharges of pollutants may occur in compliance with Section 301(a) of the CWA. Under the regulations promulgated pursuant to Section 402, EPA or authorized states may issue individual NPDES permits to each discharger or may issue a general NPDES permit for a specific category of discharge within a geographic area. See 40 C.F.R. § 122.28.

10. Section 402(p) of the CWA exempts discharges composed entirely of "stormwater" except for, *inter alia*, a "discharge associated with industrial activity." 33 U.S.C. § 1342(p)(1) and (2).

11. EPA regulations promulgated pursuant to Section 402(p) define stormwater as "storm water runoff, snow melt runoff, and surface runoff and drainage" and define "storm water discharge associated with industrial activity" to include stormwater discharges from construction activity, including clearing, grading, and excavation resulting in the disturbance of at least five acres of total land area. 40 C.F.R. § 122.26(b)(13) and(14)(x).

12. EPA has authorized the Missouri Department of Natural Resources ("MDNR")

to administer the federal NPDES permit programs in Missouri pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b). EPA maintains concurrent enforcement authority for violations of the CWA or permits issued thereunder.

13. MDNR has promulgated regulations governing issuance of NPDES permits for stormwater discharges in the State of Missouri which are codified at 10 C.S.R. 20-6.200. As authorized by EPA and 40 C.F.R. § 122.28, MDNR issued a general permit for stormwater discharges in Missouri. Missouri General Storm Water Permit No. MO R100XXX (hereinafter "MO SW Permit") was issued May 31, 2007, expired on May 30, 2012, and was reissued on May 31, 2012. This MO SW Permit applies to construction or land disturbance activity (e.g., clearing, grubbing, excavating, grading, and other activity that results in the destruction of the root zone) that are performed by or under contract to a city, county or other governmental jurisdiction that has a Stormwater control program for land disturbance activities that has been approved by the Missouri Department of Natural Resources. Persons who discharge or proposed to discharge stormwater "associated with industrial activity" in Missouri must obtain authorization to discharge stormwater runoff under the MO SW Permit by submitting a Notice of Intent ("NOI") to MDNR. 10 CSR 20-6.200(1)(A) and (C). If upon review of the NOI, MDNR determines that a general permit is appropriate, a permit number is issued, and the permittee is then authorized to discharge stormwater in accordance with the terms and conditions of the MO SW Permit.

14. The MO SW Permit requires the permit holder to develop and implement a stormwater pollution prevention plan ("SWPPP") which sets forth a plan to control and reduce pollutants in stormwater discharges from construction activities. MO SW Permit at 4, ¶¶ 9 and

10.     The MO SW Permit requires the SWPPP to comply with the MDNR stormwater control Program (10-CSR 20-6.200).

15.     A central requirement of the SWPPP is the selection of Best Management Practices ("BMPs").   BMPs are measures that prevent or minimize the discharges of pollutants. 20 CSR 20-6.200(1)(C)(a).  They include measures to prevent erosion (such as temporary stabilization of exposed areas and the scheduling of the project to minimize the amount of land that is being graded at any particular time) and measures to capture sediment before it leaves the site (such as silt fences, vegetative buffers, inlet protection and sedimentation basins).  Id.

16.     Section 309(a)(3) of the CWA authorizes the Administrator to "[i]ssue an order requiring compliance, or to bring a civil action" in accordance with Section 309(b) "[w]henever on the basis of any information available to him the Administrator finds that any person is in violation of section 301] ... or is in violation of any permit condition or limitation implementing ... such section[] in a permit issued under section [402 of the CWA] ..." 33 U.S.C. § 1319(a)(3).

17.     The CWA authorizes the Administrator of EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction," when any person is in violation of 33 U.S.C. § 1311 or of any permit issued pursuant to 33 U.S.C. § 1342.  33 U.S.C. § 1319(b).

18.     The CWA, as modified by the Debt Collection Improvement Act of 1996, Pub. L. 104-134, and the Civil Monetary Inflation Rule, 61 Fed. Reg. 69360 (December 31, 1996), 40 C.F.R. § 19.4, provides, in part, that any person who violates 33 U.S.C. § 1311, or any permit issued pursuant to 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $37,500 per day for each violation occurring after January 12, 2009.

# V. FACTUAL ALLEGATIONS REGARDING DEFENDANT'S VIOLATION OF STORMWATER REQUIREMENTS

19. Defendant engages in highway construction and improvement projects throughout the State of Missouri. These projects include "construction activity, including clearing, grading, and excavation resulting in the disturbance of at least five acres of total land area" within the meaning of 40 C.F.R. § 122.26(b)(14)(x). Such discharges are therefore stormwater "discharges associated with industrial activity" within the meaning of Section 402(p) of the CWA, 33 U.S.C. § 1342(p) of the CWA and require an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA

20. Defendant filed a NOI for coverage under the MO SW Permit, and, on June 15, 2007, MDNR issued Defendant MO SW Permit number MSOP No. MO-R100007 to Defendant for "road construction projects" at "various [locations] throughout the state." MSOP No. MO-R100007.

21. Defendant's SWPPP consists of two primary components: 1) a narrative component which details the process and guidelines for stormwater control at construction projects. The narrative component is a template document used by MODOT for all construction projects statewide; and 2) site maps which provide for the location and type of BMP to be installed.

22. At all times relevant to this action, the MO SW Permit and Defendant's SWPPP required that at each project Defendant:

    a. develop, implement and update the SWPPP as required by the MO SW Permit at 4-7, ¶¶ 9-11.

    b. size and construct sedimentation basins as required by the MO SW Permit at 6, ¶10(j).

c. stabilize graded areas as required by MO SW Permit at 6, ¶10(h);

d. install outlet controls on drainage channels as required by the MO SW Permit at 6, ¶ 10(i);

e. install appropriate BMPs to prevent sediment migration as required by the MO SW Permit at 6, ¶10(i);

f. prevent sediment migration onto roadways as required by the MO SW Permit at 6, ¶10(l);

g. install energy dissipaters on pipe slope drains as by the SWPPP (pages 7-8);

h. install inlet protection as required by the SWPPP (page 10);

i. construct erosion control on stream crossings as required by the SWPPP (pages 4-5);

j. clear obstructions in rivers, streams and wetlands as required by the SWPPP (page 5); and

k. maintain and repair BMPs as required by the MO SW Permit at 4, ¶ 9 and at 7, ¶13, and SWPPP;

l. conduct Site Inspections as required by the MO SW Permit at 7, ¶12, and SWPPP;

m. keep water free of substances and turbidity as required by the MO SW Permit at 3, ¶3; and

n. not store chemicals adjacent to stream banks as specified in the MO SW Permit at 4, ¶ 8.

23. On or about July 2009, Defendant commenced construction activities in the course of a $30 million highway improvement project on Highway 54 in the area of Osage Beach,

Missouri, a resort community located on the banks of Lake of the Ozarks in south central Missouri (hereinafter "Hwy 54 Project"). Lake of the Ozarks is the largest man-made lake in the Midwest, and a major recreational area for boating and fishing. Located in the northern part of the Ozarks, the topography of this area is extremely hilly and susceptible to erosion and runoff.

24. At the Hwy 54 Project, Defendant engaged in "construction activities including clearing, grading, and excavation activities, that result[ed] in a disturbance of five or more acres of total land area" within the meaning of 40 C.F.R. § 122.26(b)(14)(x). These activities resulted in discharges of "storm water" within the meaning of 40 C.F.R. § 122.26(b)(13). Accordingly, under Section 402(p) of the CWA, Defendant's stormwater discharges at the Hwy 54 Project were "storm water discharge associated with industrial activity" and Defendant was required to be subject to, and comply with, all requirements in the MO SW Permit and SWPPP. 33 U.S.C. § 1342(p).

25. The Highway 54 Project drains into the Lake of the Ozarks in several locations, and also drains to Sycamore Creek which drains into the Lake of the Ozarks.

26. From May 17 to May 19, 2010, EPA inspected Defendant's activities at part of the Hwy 54 Project. Defendant provided EPA with additional information about its construction activities at the Hwy 54 Project between May and October 2010. EPA issued Defendant a Finding of Violation and Compliance Order on September 2, 2010. EPA re-inspected the Hwy 54 Project on October 6-7, 2010.

27. EPA's inspections and review of documents provided by Defendant regarding the Hwy 54 Project revealed that Defendant violated the following terms and conditions of the MO SW Permit issued to it for the Hwy 54 Project and the SWPPP incorporated therein by failing to:

a. develop, implement and update the SWPPP as required by the MO SW Permit at 4-7, ¶¶ 9-11.

b. size and construct sedimentation basins as required by the MO SW Permit at 6, ¶10(j).

c. stabilize graded areas as required by MO SW Permit at 6, ¶10(h);

d. install outlet controls on drainage channels as required by the MO SW Permit at 6, ¶10(i);

e. install appropriate BMPs to prevent sediment migration as required by the MO SW Permit at 6, ¶10(i);

f. prevent sediment migration onto roadways as required by the MO SW Permit at 6, ¶10(l);

g. maintain and repair BMPs as required by the MO SW Permit at 4, ¶ 9 and at 7, ¶13, and SWPPP;

h. conduct Site Inspections as required by the MO SW Permit at 7, ¶12, and SWPPP; and

i. keep water free of substances and turbidity as required by the MO SW Permit at 3, ¶3.

28. In 2005, Defendant commenced construction activities at Highway 67 located in southeast Missouri (hereinafter "Hwy 67 Project"). The Hwy 67 Project consisted of widening a two lane highway into a four-lane highway and stretched approximately 65 miles from Fredericktown to Poplar Bluff, Missouri.

29. At the Hwy 67 Project, Defendant engaged in "construction activities including clearing, grading, and excavation activities, that result[ed] in a disturbance of five or more acres

of total land area" within the meaning of 40 C.F.R. § 122.26(b)(14)(x). These activities resulted in discharges of "storm water" within the meaning of 40 C.F.R. § 122.26(b)(13). Accordingly, under Section 402(p) of the CWA, Defendant's stormwater discharges at the Hwy 67 Project were "storm water discharge associated with industrial activity" and Defendant was required to be subject to, and comply with, all requirements in the MO SW Permit and SWPPP. 33 U.S.C. § 1342(p).

30. The Highway 67 Project drains into several creeks including Cedar Creek, Wilmore Creek, Hunter Creek, Bennett Creek, Hubble Creek and Frazier Creek along with numerous unnamed tributaries.

31. From June 29 through July 2, 2010, EPA Region VII inspected Defendant's activities at the Hwy 67 Project. From June of 2010 through May of 2011, Defendant provided EPA with various information about its activities at the Hwy 67 Project. EPA issued Finding of Violation and Compliance Order with respect to Defendant's activities at the Hwy 67 Project on September 10, 2010. EPA reinspected the Hwy 67 Project from May 17 to 20, 2011.

32. EPA's inspections and review of documents provided by Defendant regarding the Hwy 67 Project revealed that Defendant violated the following terms and conditions of the MO SW Permit issued to it for the Hwy 67 Project and the SWPPP incorporated therein by failing to:

    a. develop, implement and update the site SWPPP as required by the MO SW Permit at 4-7, ¶¶ 9-11.

    b. size and construct sedimentation basins as required by the MO SW Permit at 6, ¶10(j);

    c. stabilize graded areas as required by MO SW Permit at 6, ¶10(h);

United States v. MHTC Complaint   Case 2:15-cv-04069-NKL   Document 1   Filed 04/08/15   Page 10 of 15   Page 10.

        d.     install outlet controls on drainage channels as required by the MO SW Permit at 6, ¶10(i);

        e.     install energy dissipaters on pipe slope drains as by the SWPPP (pages 7-8);

        f.     install inlet protection as required by the SWPPP (page 10);

        g.     install appropriate BMPs to prevent sediment migration as required by the MO SW Permit at 6, ¶10(i);

        h.     prevent sediment migration onto roadways as required by the MO SW Permit at 6, ¶10(l);

        i.     construct erosion control on stream crossings as required by the SWPPP (pages 4-5);

        j.     clear obstructions in rivers, streams and wetlands as required by the SWPPP (page 5);

        k.     maintain and repair BMPs as required by the MO SW Permit at 4, ¶ 9 and at 7, ¶13, and SWPPP.

        l.     conduct site inspections as required by the MO SW Permit at 7, ¶12 and SWPPP;

        m.     to keep water free of substances and turbidity as required by the MO SW Permit at 3, ¶3; and

        n.     prevent the storage of chemicals adjacent to stream banks which is prohibited by the MO SW Permit at 4, ¶8.

     33.     EPA Region VII issued Administrative Compliance Orders to MODOT for the Highway 54 and the Highway 67 projects on September 2, 2010. These orders required

Defendant to immediately come into compliance with the terms of the MO SW Permit and its SWPPPs.

### FIRST CLAIM FOR RELIEF
### Claim for Penalties under the Clean Water Act for Violations of the MO SW Permit at the Highway 54 Project

34. The United States alleges and incorporates by reference Paragraphs 1 through 33.

35. On numerous occasions, Defendant violated the terms and conditions of the MO SW Permit at the Hwy 54 Project by:

   a. Failing to develop, implement and update the SWPPP as required by the MO SW Permit at 4-7, ¶¶ 9-11.

   b. Failing to size and construct sedimentation basins as required by the MO SW Permit at 6, ¶10(j).

   c. Failing to stabilize graded areas as required by MO SW Permit at 6, ¶10(h);

   d. Failing to install outlet controls on drainage channels as required by the MO SW Permit at 6, ¶10(i);

   e. Failing to install appropriate BMPs to prevent sediment migration as required by the MO SW Permit at 6, ¶10(i); and

   f. Failing to prevent sediment migration onto roadways as required by the MO SW Permit at 6, ¶10(l);

   g. Failing to maintain and repair BMPs as required by the MO SW Permit at 4, ¶ 9 and at 7, ¶13, and SWPPP;

   h. Failing to conduct Site Inspections as required by MO SW Permit at 7, ¶12 and SWPPP; and

        i.       Failing to keep water free of substances and turbidity as required by the MO SW Permit at 3, ¶3.

36.      Pursuant to 33 U.S.C.§ 1319(d) and 40 C.F.R. § 19.4, Defendant, is liable for civil penalties of up to $37,500 per day for each violation occurring after January 12, 2009.

### SECOND CLAIM FOR RELIEF
### Claim for Penalties under the Clean Water Act for Violations of the MO SW Permit at the Highway 67 Project

37.      The United States alleges and incorporates by reference Paragraphs 1 through 33

38.      On numerous occasions, Defendant violated the terms and conditions of the MO SW Permit at the Hwy 67 Project by:

    a.      Failing to develop, implement and update the site SWPPP as required by the MO SW Permit at 4-7, ¶¶ 9-11.

    b.      Failing to size and construct sedimentation basins as required by the MO SW Permit at 6, ¶10(j);

    c.      Failing to stabilize graded areas as required by MO SW Permit at 6, ¶10(h);

    d.      Failing to install outlet controls on drainage channels as required by the MO SW Permit at 6, ¶10(i);

    e.      Failing to install energy dissipators on pipe slope drains as required by the SWPPP (pages 7-8);

    f.      Failing to install inlet protection as required by the SWPPP (page 10);

    g.      Failing to install appropriate BMPs to prevent sediment migration as required by the MO SW Permit at 6, ¶10(i);

    h.      Failing to prevent sediment migration onto roadways as required by the MO SW Permit at 6, ¶10(l);

      i.      Failing to construct erosion control on stream crossings as required by the SWPPP (pages 4-5);

      j.      Failing to clear obstructions in rivers, streams and wetlands as required by the SWPPP (page 5);

      k.      Failing to maintain and repair BMPs as required by the MO SW Permit at 4, ¶ 9 and at 7, ¶13, and SWPPP.

      l.      Failing to conduct site inspections as required by MO SW Permit at 7, ¶12 and SWPPP;

      m.      Failing to keep water free of substances and turbidity as required by the MO SW Permit at 3, ¶3; and

      n.      storing chemicals adjacent to stream banks which is prohibited by the MO SW Permit at 4, ¶ 8.

42.      Pursuant to 33 U.S.C.§ 1319(d) and 40 C.F.R. § 19.4, Defendant, is liable for civil penalties of up to $37,500 per day for each violation occurring after January 12, 2009.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America respectfully requests that this Court:

      A.      Assess civil penalties against the Defendants of up to $37,500 per day, as appropriate, for each violation at the Hwy 54 and Hwy 67 Projects;

      B.      Award the United States its costs and disbursements in this action; and

      C.      Grant any such further relief as this Court deems just and proper.

Respectfully submitted,

_____
JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

/s/ Elizabeth L. Loeb
ELIZABETH L. LOEB
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8916

TAMMY DICKINSON
United States Attorney

/s/ Charles M. Thomas
CHARLES M. THOMAS
Charles M. Thomas, MO #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: charles.thomas@usdoj.gov

OF COUNSEL:

Sarah LaBoda
Senior Assistant Regional Counsel
U.S. EPA, Region VII
901 North 5th Street
Kansas City, KS 66101

Virginia Phillips
U.S. EPA
Office for Enforcement and Compliance Assurance
Water Enforcement Division
Ariel Rios Building
1200 Pennsylvania Avenue, N. W.
Washington, DC 20460