UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-04069-NKL |
| | ) | |
| MISSOURI HIGHWAYS AND | ) | |
| TRANSPORTATION COMMISSION | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The United States of America, on behalf of the Environmental Protection Agency (EPA), filed this lawsuit against the Missouri Highways and Transportation Commission (MHTC) alleging violations of the conditions of a National Pollution Discharge Elimination System (NPDES) permit issued to it by the State of Missouri pursuant to Section 402 of Clean Water Act, which authorized MHTC to discharge pollutants at two highway construction sites in Missouri. The United States and MHTC reached an agreement and drafted a consent decree. The original consent decree was lodged on April 8, 2015, and the United States published notice of the original consent decree in the Federal Register on April 14, 2015. *See* 80 Fed. Reg. 20014. One public comment was received, and in response to the Comment, the Parties modified their agreement to clarify one definition and to correct a typographical error. MHTC consents to the entry of the modified Consent Decree, and the United States requests that the Court enter the modified Consent Decree. For the reasons set forth below, the modified Consent Decree is approved and adopted by the Court, and the United States' Motion to Enter Consent Decree, [Doc. 7], is granted.

1

## I. Background

### A. NPDES Permit Violations[1]

MHTC engages in highway construction and improvement projects throughout the State of Missouri. Discharges of pollutants in the course of these projects require an NPDES permit issued by the EPA or an authorized state pursuant to Section 402 of the Clean Water Act. *See* 33 U.S.C. § 1342(p). MHTC applied for and received an NPDES permit for its road construction projects throughout the state. *See* [Doc. 8-3]. The NPDES permit imposes numerous requirements on MHTC's construction activities designed to reduce stormwater runoff into area waters. In particular, the NPDES permit requires MHTC to develop and implement a stormwater pollution prevention plan which sets forth a plan to control and reduce pollutants in stormwater discharges from construction activities. A central requirement of the pollution prevention plan is the selection of best management practices which are measures that prevent or minimize the discharges of pollutants. They include measures to prevent erosion and measures to capture sediment before it leaves the site.

In 2010 and 2011, the EPA inspected two of MHTC's large highway improvement projects. Following these inspections, MHTC provided the EPA with additional information about its construction activities at these projects, and the EPA re-inspected the projects. The EPA's inspections and review of documents revealed pervasive and numerous violations of the NPDES permit and project pollution prevention plans at these projects, including MHTC's failure to: (1) develop, implement and update the pollution prevention plan; (2) size and construct sedimentation basins; (3) stabilize graded areas; (4) install outlet controls on drainage channels; (5) install appropriate best management practices to prevent sediment migration; (6)

---

[1] The following facts are taken from the United States' Complaint and its Suggestions in Support for purposes of background information only. MHTC does not admit liability to the United States arising out of the facts alleged in the Complaint.

2

prevent sediment migration onto roadways; (7) install energy dissipaters on pipe slope drains; (8) install inlet protection; (9) construct erosion control on stream crossings; (10) clear obstructions in rivers, streams and wetlands; (11) maintain and repair best management practices; (12) conduct Site Inspections; (13) keep water free of substances and turbidity; and (14) not store chemicals adjacent to stream banks.

### B. Terms of the Consent Decree[2]

Under the Parties' modified Consent Decree, MHTC will pay a civil penalty of $750,000 for the NPDES permit violations discussed above and will undertake extensive injunctive measures, some of which exceed the stormwater inspection requirements in MHTC's NPDES permit. Those injunctive measures include adherence to a specified stormwater compliance management structure and training regime, designation of a Stormwater Compliance and Environmental Specialist who will have overall responsibility for MHTC's compliance with stormwater and Consent Decree requirements, appointment of Resident Engineers who will be responsible for compliance with stormwater requirements at specific sites, designation of Environmental Construction Inspectors who will conduct the inspections required by the NPDES permit, creation and implementation of a training program, development of project-specific pollution prevention plans, physical inspection of construction sites, establishment of and compliance with a detailed stormwater inspection protocol, completion of various reports, and the creation and implementation of a Stormwater Compliance Database. MHTC must also require that each of its prime contractors appoint a Water Pollution Control Manager to be responsible for contractor stormwater compliance at each project.

### C. Public Comment and the Parties' Responsive Modifications

---

[2] See the Consent Decree for the complete terms of the agreement.

After lodging the original consent decree, the Parties received one public comment from the Association of Missouri Cleanwater Agencies. *See* [Doc. 8-2]. The Comment outlined seven issues with the original consent decree: (1) the consent decree as written improperly applies to Municipal Separate Storm Sewer System discharges and permits in addition to NPDES construction permits; (2) the consent decree improperly mandates blanket compliance with Missouri Water Quality Standards; (3) the civil penalty to be paid is excessive; (4) the provision prohibiting MHTC from seeking reimbursement of the penalty from contractors is contrary to the public interest; (5) the consent decree improperly requires MHTC to comply with manufacturer recommendations and guidance documents; (6) the scope of the remedy impermissibly exceeds the scope of the alleged violations and imposes undue costs on MHTC; and (7) the web address for stormwater publications contains a typographical error. In response to this Comment, the Parties modified the original consent decree and submitted a modified Consent Decree for the Court's review.

## II.     Discussion

A district court is required to review a proposed consent decree for fairness, reasonableness, and consistency with the governing statute. *U.S. v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997). The balancing of competing interests affected by a proposed consent decree must be left, in the first instance, to the discretion of the Attorney General. *United States v. Bechtel Corp.*, 648 F.3d 660, 666 (9th Cir. 1981). "The court is required to determine not whether a particular decree is the one that will best serve society, but whether the settlement is within the reaches of the public interest." *Id.*

Upon review of the modified Consent Decree attached to this Order, the Court finds that it is fair, reasonable, and consistent with the Clean Water Act's goal of restoring and maintaining

4

the chemical, physical, and biological integrity of the Nation's waters while also recognizing the primary responsibilities and rights of States to prevent, reduce, and eliminate pollution. *See* 33 U.S.C. § 1251. The modified Consent Decree is the result of arm's length negotiations, is approved by both Parties, will enhance MHTC's compliance with the Clean Water Act, specifically targets previous weaknesses in MHTC's compliance, and appropriately reflects the multiple and repeated violations documented at MHTC worksites.

The Court also concludes that the modifications implemented by the Parties in response to the Comment by the Association of Missouri Cleanwater Agencies are appropriate and that no further modifications based on that Comment are necessary for the reasons stated in the United States' Suggestions in Support of its Motion to Enter Consent Decree. [Doc. 8, pp. 20-29]. In particular, the modified Consent Decree was appropriately amended to clarify that the requirements within it do not apply to Municipal Storm Sewer System permits and to correct the typographical error in the website address on page 2 of Appendix B (Issues 1 and 7). The commenter's interpretation of Paragraph 28(c) of the Consent Decree to impose on MHTC a "blanket requirement" to comply with water quality standards (Issue 2) is incorrect because the Consent Decree only requires MHTC to comply with "the Missouri Water Quality Standards and with effluent limitations in the NPDES . . . [p]ermit." [Doc. 8-1, p. 25]. In other words, MHTC's required compliance is limited to the requirements within the NPDES permit. The commenter's concerns regarding the amount of the statutory penalty and the extent of the injunctive relief agreed to by the EPA and MHTC (Issues 3 and 6) do not require withdrawal of the modified Consent Decree. MHTC is in the best position to determine its ability to pay the penalty and to implement changes to its stormwater program. Further, the civil penalty agreed upon by the Parties is far less than the statutory maximum penalty for MHTC's numerous and repeated

5

violations, which was in the tens of millions of dollars. The commenter also takes issue with Paragraph 10 of the proposed Consent Decree because it "contains an unusual clause prohibiting MHTC from seeking any reimbursement, indemnification, or insurance coverage for the civil penalty from any contractor, third party, or insurance policy" (Issue 4). [Doc. 8-2, p. 8]. The commenter suggests the provision is contrary to public policy and cites to Missouri Revised Statute § 434.100(1) and § 107.170(2). Section 434.100(1) states that "in any contract or agreement for public or private construction work, a party's covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence or wrongdoing is void as against public policy and wholly unenforceable." Section 434.100(1) applies to the formation of construction contracts, not settlement agreements and only prevents indemnification "for public or private construction work." Paragraph 10 of the proposed Consent Decree only prevents MHTC from seeking payment or reimbursements for this specific civil penalty for past violations and does not require MHTC to indemnify against future violations or future construction contracts. *See* [Doc. 8-1, pp. 14-15]. Likewise, Paragraph 10 of the proposed Consent Decree is not inconsistent with § 107.170(2), which requires a contractor performing public work to furnish a bond with sufficient sureties. Finally, the commenter suggests that the proposed Consent Decree requires compliance with non-binding manufacturer recommendations and guidance documents and argues that such a requirement is not appropriate if it is intended to convert unpromulgated non-binding materials into mandatory "Stormwater Requirements" (Issue 5). Paragraph 28(a) of the proposed Consent Decree requires MHTC to design, implement, manage, and maintain best management practices "in accordance with any relevant manufacturer specifications and good engineering practices, including but not limited to the manuals listed in Appendix B and any other applicable standards . . . ." [Doc. 8-1, p. 25]. Nothing in Paragraph

6

28(a) converts manufacturer recommendations into mandatory requirements.  The NPDES permit granted to MHTC also permits MHTC to select appropriate best management practices and clarifies that MHTC is not limited to the listed guideline manuals when selecting appropriate best management practices.

The modified Consent Decree is fair, reasonable, and consistent with the goals of the Clean Water Act. The Comment from the Association of Missouri Cleanwater Agencies does not require reconsideration of the modified Consent Decree or withdrawal of the settlement between the United States and MHTC.  Therefore, the Court enters and adopts the modified Consent Decree and the United States' Motion to Enter Consent Decree, [Doc. 7], is granted.  A signed Consent Decree will be filed contemporaneously with this Order.

### III. Conclusion

For the reasons set forth above, the United States' Motion to Enter Consent Decree, [Doc. 7], is granted.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  July 20, 2015
Jefferson City, Missouri